WILLIAM P. BARR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General for Civil Rights
SAMEENA SHINA MAJEED, Chief
R. TAMAR HAGLER
Deputy Chief (CA Bar No. 189441)
AURORA BRYANT
Trial Attorney (LA Bar No. 33447)
Housing and Civil Enforcement Section
DYLAN NICOLE de KERVOR
Attorney Advisor (CA Bar No. 269169)
Federal Coordination and Compliance Section
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 616-2602
Aurora.Bryant@usdoj.gov

ROBERT S. BREWER, JR.
United States Attorney
LESLIE M. GARDNER
Assistant U.S. Attorney (CA Bar No. 228693)
United States Attorney's Office
Southern District of California
880 Front Street, Room 6293
San Diego, CA  92101-8893
Phone: (619) 546-7603
Leslie.Gardner2@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: **'19CV1087 CAB WVG** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| LARRY NELSON, | *Demand for Jury Trial* |
| Defendant. | |

The United States of America ("United States") alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, *et seq.* ("the Fair Housing Act").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to the United States' claims occurred in this District and the Defendant does business in this District.

**THE DEFENDANT AND RELEVANT PROPERTIES**

4. Defendant Larry Nelson ("Nelson") is a resident of Spring Valley, an unincorporated area in San Diego County, California. At all times relevant to this action, Nelson has owned and operated multi-family residential rental properties in Spring Valley, including the Grand Avenue Property and the Harness Street Property described below. Nelson may own and operate, or have owned and operated, other multi-family residential rental properties in this District.

5. The Grand Avenue Property is a four-unit residential property located at 832 Grand Avenue in Spring Valley, California. At all times relevant to this action, Nelson owned the Grand Avenue Property and operated it as rental housing.

6. The Harness Street Property is a four-unit residential property located at 9200 Harness Street in Spring Valley, California. At all times relevant to this action, Nelson owned the Harness Street Property and operated it as rental housing.

7. At all times relevant to this action, Nelson controlled all aspects of the rental, management, and operation of his residential rental properties, including the Grand Avenue Property and the Harness Street Property. His responsibilities included, but were not limited to, finding prospective tenants, accepting or rejecting applicants for housing, setting rental rates and security deposits, collecting rent and security deposits, receiving requests for maintenance and repairs, arranging

maintenance and repairs, communicating with tenants regarding late rental payments, and evicting tenants.

8. The Grand Avenue Property and the Harness Street Property are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

**FACTUAL ALLEGATIONS**

9. Since at least 2005, Nelson has subjected tenants of his residential rental properties, including the Grand Avenue Property and the Harness Street Property, to unlawful sex discrimination, including severe, pervasive, and unwelcome sexual harassment. Nelson's conduct has included, but is not limited to:

   a. Making unwelcome sexual advances to female tenants;
   b. Making unwelcome, sexually explicit comments to, and in front of, female tenants;
   c. Asking or attempting to touch female tenants or touching female tenants, including on intimate areas of their bodies, without their consent;
   d. Exposing his genitals to female tenants without their consent;
   e. Peeping through bedroom windows of his female tenants;
   f. Making unannounced visits to female tenants' homes when he had no legitimate reason to do so in order to conduct and further his sexual advances;
   g. Entering or attempting to enter female tenants' homes without their consent;
   h. Demanding that female tenants not have male guests in their homes;
   i. Offering to grant female tenants tangible benefits—such as continued tenancy, waived or reduced rent, or excused late or unpaid rent—in exchange for sexual favors; and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

  j. Retaliating against female tenants for refusing his advances by taking adverse housing actions, such as evicting them or threatening to evict them.

 10. The instances of Nelson's sex discrimination as described above were not isolated instances. Rather, Nelson engaged in a longstanding pattern or practice of illegal sexual harassment of female tenants over the entire course of his ownership and operation of his rental properties. For example:

  a. To one female tenant who lived at the Harness Street Property in 2005, Nelson asked multiple times in explicit terms to engage in sexual activity in exchange for forgiving or reducing her rent. The tenant refused his demands. To the same tenant, Nelson made multiple unwelcome comments about her breasts. He also peeped in the bedroom windows of the rooms in her home on multiple occasions where she and her female daughters and nieces slept; on one of these occasions, he peeped in the windows while a minor child was changing clothes and saw her nude.

  b. To another female tenant who lived at the Grand Avenue Property in 2008, Nelson made repeated offers to exchange sexual favors for rent. On multiple occasions, Nelson told the tenant that she could pay approximately half her monthly rent if she had sex with him, and that she did not have to pay anything if she had sex with him without a condom. After the tenant had repeatedly refused Nelson's requests, Nelson evicted her.

  c. To another female tenant who lived at the Harness Street Property in 2018, Nelson showed a pornographic video without her consent; exposed his genitals to her without her consent; made frequent, unwanted, sexually suggestive comments; made comments indicating he had gone through her laundry looking for her

underwear; and peeped through the bedroom window in her apartment.

## CAUSES OF ACTION

11. The allegations above are incorporated herein by reference.

12. By his conduct, described above, Defendant Larry Nelson has:

   a. Refused to rent or to negotiate for the rental of, or otherwise made unavailable or denied a dwelling because of sex, in violation of 42 U.S.C. § 3604(a);

   b. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provisions of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

   c. Made statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on sex, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c); and

   d. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

13. Defendant Larry Nelson's conduct and actions described above constitute:

   a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, in violation of 42 U.S.C. § 3614(a); and

   b. A denial to a group of persons of rights granted by the Fair Housing Act, which denial raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

14. There are victims of the Defendant's discriminatory housing practices who are "aggrieved persons" within the meaning of 42 U.S.C. § 3602(i), and have suffered injuries and damages as a result.

15. The Defendant's discriminatory conduct was intentional, willful, and/or taken in reckless disregard of the rights of others.

## REQUEST FOR RELIEF

WHEREFORE, the United States requests that this Court enter an order that:

1. Declares that Defendant Larry Nelson's actions, as alleged herein, violate the Fair Housing Act;

2. Enjoins Defendant Larry Nelson, his agents, employees, and successors, from:

   a. Discriminating on the basis of sex in any aspect of the rental or lease of a dwelling;

   b. Discriminating on the basis of sex in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith;

   c. Making statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on sex;

   d. Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoying of, or on account of their having exercised or enjoyed, the rights granted or protected by the Fair Housing Act;

   e. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendant's past unlawful practices to the position they would have been in but for the discriminatory conduct; and

   f. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in

the future, and to eliminate, to the extent practicable, the effects of the Defendant's unlawful housing practices;

3. Awards monetary damages to each aggrieved person, pursuant to 42 U.S.C. § 3614(d)(1)(B); and

4. Assesses a civil penalty against Defendant Larry Nelson to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C).

The United States further requests such additional relief as the interests of justice may require.

Dated: June 11, 2019

Respectfully submitted,

|  |  |
|---|---|
|  | WILLIAM P. BARR<br>Attorney General |
| ROBERT S. BREWER, JR.<br>United States Attorney | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| */s/ Leslie M. Gardner*<br>LESLIE M. GARDNER<br>Assistant United States Attorney | SAMEENA SHINA MAJEED, Chief<br>R. TAMAR HAGLER, Deputy Chief |
|  | */s/ Aurora Bryant*<br>AURORA BRYANT<br>Trial Attorney<br>DYLAN NICOLE de KERVOR<br>Attorney Advisor |

Attorneys for Plaintiff
United States of America

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Larry Nelson

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Leslie M. Gardner, Aurora Bryant & Dylan de Kervor, United States Dept. of Justice, 880 Front St. Ste. 6293, San Diego CA 92101, 619-546-7603

Attorneys *(If Known)*

'19CV1087 CAB WVG

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☒ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Housing Act, 42 U.S.C. 3601 et seq.

Brief description of cause:
Housing discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/11/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Leslie M. Gardner

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____