UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LARRY NELSON, et al,<br><br>　　　　　　　　　　Defendant. | Case No.: 19-CV-1087-CAB-WVG<br><br>**ORDER ON DISCOVERY DISPUTE FOLLOWING SUPPLEMENTAL BRIEFING** |
|---|---|

## I.    INTRODUCTION

On July 6, 2020, the Parties timely notified this Court's Chambers of a discovery dispute regarding whether the common interest doctrine applies to subpoenas for deposition seeking documents and information from and the deposition testimony of unrepresented allegedly aggrieved tenants ("aggrieved tenants"). On that same day, this Court issued an Order Setting Briefing Schedule, directing the Parties to file concurrent briefing on the common interest doctrine issue no later than 5:00 p.m. on July 7, 2020. (Doc. No. 33.) The Government was timely in filing its supplemental briefing. (Doc. No. 34.) Defendant was not. (Doc. No. 35.) Consequently, on July 8, 2020, the Court struck Defendant's briefing from the record for its untimeliness and non-compliance with the Court's July 7, 2020 Order. (Doc. No. 36.) Having reviewed and considered the Government's supplemental briefing and relevant legal authority, the Court hereby

GRANTS the Government's request for entry of a protective order barring Defendant's requests for documents, information, and deposition testimony from the aggrieved tenants as it relates to their communications and dealings with the Government which implicate their common interest in this litigation.

## II. DISCUSSION

Before addressing whether the common interest doctrine applies here, a survey of the relevant legal authority is in order. As a foundational matter, attorney-client communications "made in the presence of, or shared with, third-parties destroys the confidentiality of the communications and the privilege protection that is dependent upon that confidentiality." *Regents of University of California v. Affymetrix, Inc.*, 326 F.R.D. 275, 278–280 (S.D. Cal. Aug. 6, 2018) (citing *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. July 5, 2007)). Exceptions to this rule are construed narrowly to avoid "creating an entirely new privilege." *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1128 (9th Cir. 2012). In relevant part, however, the common interest doctrine serves as an exception to the general rule that disclosure of privileged communications waives such privilege. *Id.* (citing *Nidec Corp.*, *supra*, 249 F.R.D. at 578). The common interest doctrine applies when "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *U.S. v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. Aug. 5, 2003) (citing *In re Mortgage Realty Trust*, 212 B.R. 649, 653 (Bankr. C.D. Cal. Sept. 16, 1997)); see also *In re Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120, 126 (3d Cir. 1986); *Griffith v. Davis*, 161 F.R.D. 687, 692 (C.D. Cal. June 9, 1995).

Importantly, the mere existence of a "shared desire to see the same outcome in a legal matter" falls short of a legally sufficient common interest. *In re Pac. Pictures Corp.*, *supra*, 679 F.3d at 1129. "Instead, the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten." *Id.*; see also *U.S. ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 685 (S.D. Cal. Feb. 20, 1996). To that end, an agreement to set up a common defense strategy

"may be implied from conduct and situation, such as attorneys exchanging confidential communications from clients who are or potentially may be codefendants or have common interests in litigation;" a joint prosecution or defense agreement is not required to establish a common interest. *United States v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012) (quoting *Continental Oil Co.*, 330 F.2d at 350)). Additionally, the communications at issue must be "designed to further that legal effort." *Id.* (quoting *Bergonzi*, *supra*, 216 F.R.D. at 495); *In re Mortgage Realty Trust*, *supra*, 212 B.R. at 653. Notably, "the privilege does not require a complete unity of interests among the participants, and it may apply where the parties' interests are adverse in substantial respects." *Bergonzi*, *supra*, 216 F.R.D. at 495 (citing *In re Grand Jury Subpoena Duces Tecum*, 406 F.Supp. 381, 392 (S.D.N.Y.1975)).

The Court finds that the common interest doctrine applies to the aggrieved tenants' ongoing communications with the Government in furtherance of their shared objective to obtain relief from Defendant under the Fair Housing Act ("FHA" or "Act"), notwithstanding the absence of an attorney-client relationship between the aggrieved tenants and the Government. As a foundational matter, the Government properly observes the FHA deputizes the Attorney General of the United States to seek enforcement of the Act's provisions against discriminatory housing practices. In particular, Section 3614(d)(1)(B) of the Act charges the Government with identifying potentially aggrieved tenants and initiating legal proceedings on their behalf for purposes of furthering the FHA's statutory intent. The Government has done so here, and it is on at least 13 aggrieved tenants' behalves that the Government seeks relief for Defendant's alleged violations of the FHA. To advance its objectives, the Government has engaged in communications with the aggrieved tenants relating to the claims at issue in this litigation and which necessarily implicate the common interest privilege. (Doc. No. 34-1, 3: 19-23.) The Government admits that it "does not have an attorney-client relationship with the aggrieved persons, but 'the Government's interests in large measure coincide with those of aggrieved parties.'" (Doc. No. 34, 1:24-28.)

To that end, Defendant's subpoenas, as issued to the aggrieved tenants are broad in

scope and seek, in part, all documents the aggrieved tenants sent to and received from the Government and that "concern, relat[e] to, or hav[e] as their subject, Larry Nelson." (*Id.*, 2:16-22.) The Government and Plaintiff-Intervenor Sylena Sanders ("Sanders") objected to such discovery requests and the subpoenas for deposition encompassing such requests, on common interest doctrine grounds, amongst others. Defendant disputes the validity of his opponents' objections as to the common interest doctrine and largely argues that the absence of an attorney-client relationship precludes the assertion of such objection. Not so. As noted, a common interest in the outcome of this litigation may be derived from party conduct rather than by memorializing a joint prosecution or defense agreement.

Indeed, an agreement to exchange information in furtherance of a common interest may be implied through the aggrieved tenants and the Government's exchange of confidential communications spurred by both parties' shared interest in prosecuting the FHA claims against Defendant. *United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000); *Gonzalez*, *supra*, 669 F.3d at 979; see also *Continental Oil Co.*, *supra*, 330 F.2d at 350. Here, it would be nearly inconceivable that the aggrieved tenants' interests in this litigation contradict or otherwise fail to align with the Government's interest in seeking remedies on the tenants' behalves pursuant to the FHA. The aggrieved tenants' agreement to cooperate with the Government, maintain open lines of communications with the Government, and provide and receive information from the Government relating to the Government's FHA claims against Defendant demonstrates an unequivocal synchronicity in the aggrieved tenants and the Government's common interest in this litigation.

The Court's conclusion on this matter aligns with other federal courts' determinations in instances where aggrieved individuals agreed to cooperate with the Government, where the Government sought relief under federal statutes on the aggrieved individuals' behalves. *United States v. Gumbaytay*, 276 F.R.D. 671, 676 (M.D. Ala. Jan 19, 2011) ("the common interest rule protects communications between a governmental agency and persons on whose behalf the governmental agency brings suit, where counsel for the government has filed suit to enforce the rights of aggrieved persons under the Fair

Housing Act"); *EEOC v. Chemtech International Corp.*, 1995 WL 608333 (S.D. Tex. May 18, 1995) ("because the EEOC and the private citizen have many identical interests, the attorney-client privilege is essentially a joint prosecution privilege that extends to communications between a party and the attorney for a co-litigant"); *EEOC v. DiMare Ruskin, Inc.*, 2012 WL 12067868 (M.D. Fla. Feb. 15, 2012) ("[The common interest doctrine] protects communications between an individual, or the individual's attorney, and an attorney representing a person or entity that shares a common interest with the individual regarding a legal matter of common interest"); see also *National Labor Relations Bd. v. Jackson Hospital Corp.*, 257 F.R.D. 302, 311 (D.D.C. 2009) ("The de facto attorney-client privilege applies in situations where there is no actual attorney-client relationship, but one entity is acting like the other entity's attorney").

### III. CONCLUSION

Given the above, the Court GRANTS the Government's request to limit the scope of the aggrieved tenants' deposition testimony and related disclosure of documents and information that implicate the tenants and the Government's common interest. Accordingly, in deposition, Defendant may seek to ascertain from the aggrieved tenants the who, what, when, where, why, how, and the like as it relates to the aggrieved tenants' dealings with Defendant directly and any other matters that do not implicate the aggrieved tenants' confidential communications and relationship with counsel for the Government. In this spirit, Defendant's lines of inquiry, in the context of deposition testimony and/or written discovery, shall not extend to confidential communications between the Government and the aggrieved tenants in furtherance of their common interest in this litigation. Accordingly, the Court enters this protective order limiting the scope of Defendant's subpoenas for deposition as issued to the unrepresented aggrieved tenants and

///
///
///
///

1 | related requests for production of documents.
2 | **IT IS SO ORDERED.**
3 | Dated: July 10, 2020

Hon. William V. Gallo
United States Magistrate Judge